IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

UNITED STATES OF AMERICA                                                    RESPONDENT

v.         No. 4:05-CR-40017/No. 4:07-CV-04106
           No. 4:05-CR-40021/No. 4:07-CV-04107
           No. 4:06-CR-40016/No. 4:07-CV-04108
           No. 4:06-CR-40017/No. 4:07-CV-04109

ARLANDER J. LOGAN                                                                    MOVANT

**O R D E R**

Comes on for consideration the Report and Recommendation of the Magistrate Judge (Doc. 89)[1] in connection with the motion to vacate, set aside, or correct sentence Arlander J. Logan, the Movant, filed pursuant 28 U.S.C. § 2255. Movant sets forth seven grounds for relief from the sentence imposed in the criminal cases. Each of the seven grounds consists of a claim that his trial counsel, Mr. John F. Stroud, III, provided ineffective assistance of counsel. The Magistrate Judge recommends denial of the § 2255 motion.

Movant filed objections (Doc. 95) to the report and recommendation and also filed a motion for an evidentiary hearing (Doc. 96). The United States has filed a response (Doc. 97) to the motion for evidentiary hearing.

The factual and procedural background is set forth in some detail in the report and recommendation. Movant indicates he "essentially does not disagree with the statement of facts" and "essentially agrees with" the procedural background (Doc. 95 at pg. 1). He then states he "objects to the facts and law" as it pertains to each ground for relief. *Id.*

---

[1] Movant filed a motion attacking the sentence in each of the four cases in which he was sentenced. While the Court has maintained these cases independently, the issues raised in the § 2255 motion are identical for each case. The Court will refer to a single motion although a motion is pending in each of the four cases. Document numbers refer to the documents filed in No. 4:05-CR-40017.

We first examine Movant's request for an evidentiary hearing. Movant maintains he should be granted an evidentiary hearing on factual matters outside the record concerning his ineffective assistance of counsel claims (Doc. 96 at pg. 1). He argues it was inappropriate for the Magistrate Judge to utilize his trial counsel's affidavit because it was contrary to the facts he pled. Specifically, he maintains he is entitled to an evidentiary hearing because Stroud's affidavit is contrary to the facts he pled in connection with his claim that Stroud provided ineffective assistance of counsel when he did not file a direct appeal.

Movant was specifically advised at sentencing regarding the ten day period for the filing of an appeal. Other than the bare allegation that Movant's attorney "knew [Movant] wanted to file an appeal," (Doc. 73 at pg. 4), there is no suggestion in the record that Movant contacted his attorney until long after the ten day deadline expired. In fact, the only record evidence regarding any post-sentencing contact, indicates Movant did not contact his attorney until nearly a year from the date of sentencing (Doc. 89 at pg. 9). In these circumstances, no evidentiary hearing is warranted. The motion for an evidentiary hearing (Doc. 96) is denied.

Movant has also requested the appointment of counsel (Doc. 96). As Movant has been denied an evidentiary hearing, we find no grounds to appoint him counsel at this stage of the proceedings. We note Movant filed objections to the report and recommendation that establish he had an understanding of the issues involved. He cited the Court to relevant case law and made cogent arguments on his behalf. The motion for appointment of counsel (Doc. 96) is denied.

In his objections, Movant, essentially reiterates each ground raised in support of his § 2255 motion, arguing: (1) the record shows that a reasonably professional counsel would have appealed;(2) he was incorrectly informed that the state and federal sentences would run concurrently;

(3) trial counsel erroneously failed to object to the two level enhancement for obstruction; (4) counsel failed to investigate a possible defense witness before urging Movant to plead guilty; (5) trial counsel failed to urge a reduction in sentence due to acceptance of responsibility; (6) trial counsel, who was appointed by the federal court, engaged in unethical behavior when he accepted private payment to represent Movant in connection with pending state criminal charges; and (7) counsel to failed to object to errors in the pre-sentence report.

To establish ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668 (1984), Movant must prove that Stroud's "performance was deficient, overcoming the strong presumption that defense counsel's representation fell within the wide range of reasonable professional assistance." *Delgado v. United States*, 162 F.3d 981, 982 (8th Cir. 1998)(internal quotation marks and citation omitted). Movant "must also provide prejudice by demonstrating that absent counsel's errors there is a reasonable portability that the result of the proceeding would have been different." *Id.*

After careful review of the file, the report and recommendation, and the objections filed by Movant, we find the report and recommendation should be and here is adopted in its entirety. As set forth in detail in the report and recommendation, there is no basis for relief on the seven grounds raised by Movant. The § 2255 motion (Doc. 73) is denied.

Movant has requested an updated copy of the docket sheet (Doc. 98). The motion (Doc. 98) is granted and the **Clerk directed to send Movant a copy of the docket sheet.**

Finally, Movant has filed a motion to file an appeal out of time (Doc. 76). Movant maintains he should be allowed to file a direct appeal from his judgment at this time because his counsel was ineffective and failed to file a timely notice of appeal. The motion (Doc. 76) is denied. Movant was

advised of his right to appeal and the Court has found no basis on which a finding that his counsel was ineffective could be made.

    IT IS SO ORDERED this 21st day of March 2011.

                                         /s/ Harry F. Barnes
                                         HON. HARRY F. BARNES
                                          UNITED STATES DISTRICT JUDGE